Filed 6/30/22  In re J.V. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re J.V., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B306811 (Super. Ct. No. VJ46825) (Los Angeles County) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J.V., <br><br> Defendant and Appellant. | |

A petition dated July 22, 2019, alleged J.V. committed assault by means likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(4).)[1]  J.V. admitted the charge, and the juvenile court sustained the petition.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Later, a petition dated February 19, 2020, which was contested, alleged J.V. committed attempted murder (§§ 664, 187, subd. (a)) (count 1), assault by a firearm (§ 245, subd. (a)(2)); assault by means likely to produce great bodily injury (§ 245, subd. (a)) (count 3). As to each count, it was alleged that J.V. personally used and discharged a firearm causing great bodily injury (§ 12022.53, subds. (b), (c) & (d)); personally caused great bodily injury (§ 12022.53, subd. (a)); and committed the offense for the benefit, at the direction of, and in association with a criminal street gang (§ 186.22 subd. (b)(1)(c)). The juvenile court sustained the petition as charged.

On the February 19, 2020, petition, the juvenile court imposed a maximum term of 47 years to life. On the July 22, 2019, petition, the court imposed a term of four years to run concurrent with count 1 of the February 2020 petition. The court ordered J.V. to a community camp placement for seven to nine months.

FACTS

*February 2020 Petition*

On February 16, 2020, Anthony Romo and his wife Priscilla Ocedueda were visiting a deceased loved one at the Resurrection Cemetery in Los Angeles. Romo and his wife went to use the restrooms. Ocedueda went inside, but Romo waited outside because the men's room was occupied. Three young men, J.V., G.A., and Jorge, were also outside. The three young men were members of the Colonia Flores gang.

As Romo was waiting, a verbal confrontation occurred between Romo and the young men. One of the men asked Romo "if [he] was from anywhere." The attitude of the men was not friendly. Romo attempted to deescalate the confrontation by replying he was not from anywhere. One of the men asked Romo

what he was looking at. Romo said he was not looking at anything. One of the men hit Romo in the face. The other two tried to hit him, but he was able to defend himself.

Romo ran to a grass area. He turned around and heard a gunshot. He saw one of the men holding a handgun. Romo was shot in the left front hip. The men ran to a car and left. Ocedueda called 911.

Police apprehended J.V., G.A., and Jorge near the cemetery. They brought Ocedueda to the suspects for a field show-up. She identified the three men as being in a fight with Romo.

The police placed J.V. and G.A. in a patrol car with an audio recorder. A recording of J.V and G.A. talking to each other was played in court:

"[J.V.]: … I turned to shoot three times though. I did a double action.

"[G.A.]: You got him.

"[J.V.]: I got him, I know I got him. I know I got him, nigga, I know that. I'm not saying that.

"[G.A.]: I know, I know you didn't til they said it. You didn't know though, yourself, you didn't know yourself.

"[J.V.]: Fool, fool, he ran [unintelligible]. I shot, shot a double action, dude, it was pop, pop. It was like fast as fuck."

*Investigation*

J.V., G.A., and Jorge were placed in the same booking room. J.V. asked Detective Derrick Crenshaw what the charges against them were. Crenshaw said attempted murder. J.V. asked if that would give him good "street cred." J.V. said Romo got what he deserved. He said Romo was "mad dogging" him and G.A. and that is what started the fight. G.A. admitted he punched Romo in the face. J.V. admitted he shot at Romo twice.

3

*Gang Evidence*

The police found Colonia Flores graffiti inside the men's bathroom at the cemetery.

Sheriff's Investigator Frank Quintana testified as a gang expert. He said that J.V. is an active member in the Colonia Flores gang, as are G.A. and Jorge. In the audio recording from the patrol car, the speaker is giving praise to Colonia Flores for the act of violence. Gang members build status by committing blatant acts of violence and by challenging others, such as by asking them where they are from. Based on a hypothetical taken from the evidence, Quintana opined the crimes were committed for the benefit of, in association with, and at the direction of the Colonia Flores gang.

The People introduced evidence of only one predicate offense. William M. was convicted of violating section 245, subdivision (a)(1).

*Defense*

A gang expert testified that the crimes were spontaneous acts and were not committed for the benefit of or in association with a street gang.

DISCUSSION

*I.*

*Section 12022.53, Subdivision (b)*

The Attorney General concedes that the section 12022.53, subdivision (b) enhancements attached to count 2, assault with a deadly weapon, and count 3, assault by means likely to cause great bodily injury, must be vacated. The enhancements do not apply because neither crime is listed in section 12022.53, subdivision (a).

Instead, the Attorney General argues J.V. may be sentenced under section 12022.5, subdivision (a), use of a firearm

during a felony, a lesser-included offense of section 12022.53, subdivision (b), use of a firearm during the commission of a specified felony. (See *People v. Allen* (1985) 165 Cal.App.3d 616, 627 [every use of a gun within the meaning of section 12022.53 necessarily includes a violation of section 12022.5, subdivision (a)].)

In *People v. Strickland* (1974) 11 Cal. 3d 946, the defendant was charged with murder but convicted of voluntary manslaughter. The trial court imposed an enhancement under section 12022.5. At the time, section 12022.5 applied to use of a firearm only in the commission of specified felonies. Our Supreme Court concluded that section 12022.5 did not apply. Instead, section 12022, which at the time applied to the use of a firearm in the commission of any felony, applied. The Supreme Court modified the sentence to delete punishment under section 12022.5 and add punishment under section 12022. The court reasoned that the defendant was charged with use of a firearm under section 12022.5, thus he had notice that his conduct also violated section 12022. (*Id.* at p. 961.)

Similarly, here the charge under section 12022.53 put J.V. on notice that his conduct also violated section 12202.5, subdivision (a). We must remand for resentencing under section 12022.5, subdivision (a).

## II.
### *Remand to Specify Felony or Misdemeanor*

The Attorney General concedes that a violation of section 245, subdivision (a)(2) and (4) can either be a felony or a misdemeanor. Section 702 requires the juvenile court in such a case to declare whether the offense is a felony or a misdemeanor. The court failed to so declare. The matter must be remanded for the court to do so.

*III.*

*Firearm Enhancements*

J.V. contends the juvenile court erred in imposing enhancements under both section 12022.53, subdivision (d) (use of a firearm) and section 12022.7, subdivision (a) (infliction of great bodily injury) as to count 1, attempted murder.

J.V. relies on section 12022.53, subdivision (f), "An enhancement for great bodily injury as defined in section 12022.7 . . . shall not be imposed on a person in addition to an enhancement imposed pursuant to subdivision (d)."

The Attorney General argues the enhancement was properly imposed, but must be stayed. The Attorney General relies on *People v. Gonzalez* (2008) 43 Cal.4th 1118. *Gonzalez* involved a firearm enhancement under section 12022.5. Our Supreme Court held that where the trial court imposed an enhancement under section 12022.53, the remaining section 12022.5 firearm enhancement that was found true for the same crime must be imposed and then stayed. (*Id.* at p. 1130.)

But here we are concerned with section 12022.7, not section 12022.5. Section 12022.53, subdivision (f) unequivocally provides that section 12022.7 "shall not be imposed." It is not enough to impose and stay section 12022.7. The enhancement must be stricken.

*IV.*

*Maximum Confinement Time*

The Attorney General concedes that the case must be remanded to calculate the maximum confinement time in accordance with the recently amended Welfare and Institutions Code section 726, subdivision (d).

At the time of J.V.'s dispositional hearing, Welfare and Institutions Code section 726, subdivision (d)(1) authorized the

6

juvenile court to impose the maximum term of imprisonment that could be imposed on an adult. In 2021, the Legislature amended Welfare and Institutions Code section 726, subdivision (d)(1) to limit the maximum term of confinement to the middle term of imprisonment that could be imposed on an adult. (Stats. 2021, ch. 18, § 23.) Because the judgment in J.V.'s case is not final, he is entitled to the benefit of the amendment. (*In re Estrada* (1965) 63 Cal.2d 740.)

## V.

### *Retrial of Gang Enhancements*

The Attorney General concedes amendments to section 186.22 require that the gang enhancements be reversed and remanded for retrial.

Section 186.22, subdivision (b)(1) provides for a sentence enhancement for "a person who is convicted of a felony committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang member."

Section 186.22, subdivision (e) requires proof of a "pattern of criminal gang activity." That requires proof of two or more of the offenses listed in subdivision (e), so-called "predicate offenses." At the time of J.V.'s hearing, one of the predicate offenses could be the current offense. (*People v. Leoun* (1977) 17 Cal.4th 1, 8.) The amended statute provides that the current offense shall not be used to establish a pattern of criminal gang activity. (§ 186.22, subd. (e)(2).)

At the time of J.V.'s hearing, evidence of the benefit to the street gang could be solely reputational. (See *People v. Miranda* (2011) 192 Cal.App.4th 398, 412.) The amended statute provides that the evidence must be more than reputational. (§ 186.22, subd. (e)(1)(A).)

7

Here the prosecution introduced only one predicate offense and relied on the current offense as the other predicate offense. The prosecution also solely relied on reputational evidence. The gang enhancement must be reversed.

## DISPOSITION

The enhancements imposed pursuant to section 12022.53 on counts 2 and 3 of the February 2020 petition are vacated and the judgment is modified to add section 12022.5, subdivision (a) enhancements to counts 2 and 3 of the February 2020 petition. The enhancement imposed pursuant to section 12022.7, subdivision (a) on count 1 of the February 2020 petition is stricken. The matter is remanded to the juvenile court 1) to declare whether the violations of section 245, subdivision (a)(2) and (4) are felonies or misdemeanors; and 2) to calculate the maximum time of confinement. The gang enhancement imposed pursuant to section 186.22 is reversed and remanded for retrial. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

8

Kevin L. Brown, Judge

Superior Court County of Los Angeles

_____

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.